# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOSEPH J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5593-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in (1) finding that he did not meet Listings 12.08 and 12.15; (2) discounting his subjective testimony; (3) discounting certain medical opinions; and (4) and relying on the vocational expert ("VE") testimony at step five.[1] (Dkt. # 12 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

//

---

[1] Plaintiff's opening brief also contends that these enumerated errors contributed to overall error in the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but the brief does not address this allegation separately in the body of the brief. (Dkt. # 12 at 1.) Accordingly, the Court will address the enumerated errors to determine if the ALJ's decision is free of harmful legal error and supported by substantial evidence.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1963, has a GED, and previously worked as a construction laborer. AR at 497, 499. Plaintiff was last gainfully employed in 2009. *Id.* at 724.

In March 2016, Plaintiff applied for benefits, alleging disability as of March 15, 2009.[2] AR at 551, 694-702. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 600-03, 607-16. After the ALJ conducted a hearing on October 17, 2017 (*id*. at 488-550), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 305-17.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since March 25, 2016.

Step two: Plaintiff's lumbar spine degenerative disc disease, degenerative joint disease, post-traumatic stress disorder ("PTSD"), and antisocial personality disorder are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[4]

RFC: Plaintiff can perform light work with additional limitations: he can occasionally climb ladders, ropes, and scaffolds. He can occasionally crawl. He can have occasional exposure to vibration. He can have occasional exposure to extreme cold temperatures. He is capable of understanding, remembering, and applying short, simple instructions. He can perform routine tasks and make simple decisions. He can have no interaction with the general public and can have only occasional interaction with co-workers.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 305-17.

---

[2] At the administrative hearing, Plaintiff amended his alleged onset date to March 25, 2016. AR at 501-02.
[3] 20 C.F.R. § 416.920.
[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.     The ALJ Did Not Err at Step Three**

Plaintiff contends that the ALJ erred in finding that he did not satisfy Listings 12.08 and

12.15. (Dkt. # 12 at 11-13.) Plaintiff notes that in finding he did not satisfy those listings, the ALJ relied on the 2016 and 2017 opinions of examining psychologist Kimberly Wheeler, Ph.D. *See* AR at 309-10. Plaintiff argues that the ALJ erred in construing Dr. Wheeler's opinions as consistent with the ALJ's finding that Plaintiff had "moderate" limitations in the ability to concentrate, persist, or maintain pace. (Dkt. # 12 at 12-13.) According to Plaintiff, the ALJ should have construed Dr. Wheeler's opinions as suggesting a "marked" limitation in that category. (*Id.*) If the ALJ had found that Plaintiff had marked limitations in two of the "paragraph B" criteria applicable to Listings 12.08 and 12.15, the ALJ would have found that Plaintiff met those listings. *See* AR at 309.

Plaintiff's step three argument is essentially an invitation to reweigh Dr. Wheeler's opinions in the manner he suggests, but the Court declines to do so, particularly because, as explained *infra*, the Court finds no error in the ALJ's reasons provided for discounting Dr. Wheeler's opinions. Plaintiff's reading of Dr. Wheeler's opinions may be reasonable, but Plaintiff has not shown that the ALJ's findings were unreasonable, and therefore has failed to establish harmful legal error in the ALJ's step-three findings. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### B. The ALJ Did Not Err in Assessing Plaintiff's Testimony

The ALJ discounted Plaintiff's subjective allegations, finding that (1) the objective medical evidence did not support his allegations; (2) Plaintiff's statements contained inconsistencies; (3) the evidence showed that Plaintiff's mental symptoms improved with medication and counseling; (4) Plaintiff sought minimal treatment for his back pain; and (5) Plaintiff's activities do not suggest any limitations other than social limitations, which were

included in the RFC assessment. AR at 311-15. In the Ninth Circuit, and ALJ's reasons to discount a claimant's subjective allegations must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff raises several concerns with the ALJ's reasoning. First, Plaintiff argues that the ALJ erred in finding that his statements contain inconsistencies, because he tended to make "grandiose statements" as a result of his mental impairments (PTSD and antisocial personality disorder). (Dkt. # 12 at 16.) But the ALJ did not cite "grandiose statements" as examples of inconsistencies: the ALJ cited Plaintiff's reports of improvement with treatment and looking for work, as well as when he denied experiencing hallucinations. AR at 313 (citing *id*. at 919-75, 1033-85, 1013-14, 1156-1256). To the extent that Plaintiff contends that his report to his provider that he was "doing better than [he had] in years" (*id*. at 1249) constitutes a "grandiose statement," as opposed to a true inconsistency, that could be a reasonable reading of the record, but the ALJ asked Plaintiff about this statement at the hearing and Plaintiff reported that he "felt that way" "at the time." *See id*. at 511. Plaintiff's explanation does not suggest that it was a "grandiose statement," and Plaintiff has not shown that the ALJ's interpretation is unreasonable. Thus, the Court finds no error in the ALJ's finding regarding inconsistent statements.

Plaintiff also suggests that the ALJ "hinted" that his drug and alcohol use undermined his disability claim (dkt. # 12 at 16), but Plaintiff does not point to any specific findings and the Court does not see any findings or even hints of findings in this regard in the ALJ's assessment of Plaintiff's testimony. The Court finds no basis for Plaintiff's suggestion that the ALJ erred in considering evidence related to drug abuse and alcohol.

Plaintiff also contends that the ALJ erred in finding that his symptoms improved with treatment, because they did not entirely resolve, but instead waxed and waned. (Dkt. # 12 at 16.)

The Commissioner disagrees, describing the record as showing "a longitudinal pattern of improvement," as opposed to cycles of debilitating symptoms. (Dkt. # 13 at 14.) The Court finds that substantial evidence supports the ALJ's interpretation of the record as showing improvement with treatment: although the record does indicate that Plaintiff's symptoms flared at times, those flares were linked to a lack of medication/treatment or situational stressors such as family turmoil, quitting smoking, or the death of a pet. *See, e.g.*, AR at 1015-16, 1023-24, 1027-28, 1093, 1172, 1187, 1190, 1205-06, 1218-19, 1229, 1232, 1235, 1248 (medications increased to reduce nightmares). As found by the ALJ, Plaintiff repeatedly reported improvement with medication. *See generally id.* at 1086-1111, 1156-1251. Plaintiff has not shown that the ALJ erred in finding that his symptoms improved with treatment, or in discounting his allegation of disability on that basis. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

      Lastly, Plaintiff challenges the ALJ's reliance on his daily activities, contending that his social limitations were marked despite the ALJ's finding otherwise. (Dkt. # 12 at 17-18.) The ALJ found that Plaintiff's social deficits "improved with treatment and the claimant's sheer will to improve" (AR at 315), and this finding is supported by substantial evidence. *See generally id.* at 1086-1111, 1156-1251 (counseling notes). To the extent Plaintiff contends that his activities do not demonstrate an ability to work (dkt. # 12 at 17-18), that may be true, but the ALJ did not find that his activities demonstrated an ability to work, and thus this line of argument is inapposite. The ALJ found that Plaintiff's activities demonstrate that "his biggest issue appears to be getting along with people," which Plaintiff does not dispute, and the ALJ stated that the

social limitations in the RFC assessment accommodate these limitations. AR at 315. Plaintiff has not shown that the ALJ erred in considering his daily activities.

### C. The ALJ Did Not Err in Discounting Certain Medical Opinions

Plaintiff argues that the ALJ erred in discounting opinions provided by Dr. Wheeler and examining psychologist William Chalstrom, Ph.D. The Court will address each disputed opinion in turn.

#### 1. Legal Standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2. Dr. Wheeler's Opinions

Dr. Wheeler examined Plaintiff in 2016 and 2017, completing DSHS forms on both occasions describing his symptoms and limitations. AR at 919-23, 1252-56. Dr. Wheeler had previously examined Plaintiff in 2011, although her opinion report from that examination is not in the record. *Id.* at 919. Dr. Wheeler documented significant improvement since 2011, which Plaintiff attributed to medication, but Dr. Wheeler opined that some marked limitations still persisted. *Id.* at 919-23. Dr. Wheeler's 2017 opinion indicates similar marked limitations in areas of workplace functioning. *Id.* at 1252-56.

The ALJ gave little weight to Dr. Wheeler's 2016 opinion, finding the moderate and marked limitations she indicated to be inconsistent with Plaintiff's "good response to medication early on in his treatment." AR at 314. The ALJ also noted that Dr. Wheeler's mental status examination was normal other than for remote memory abilities (*id*. at 922-23), and the ALJ stated that he accounted for the concentration and impulsivity issues mentioned by Dr. Wheeler in the RFC assessment, which limits Plaintiff to following short, simple instructions; completing routine tasks; making simple decisions; and occasional interaction with co-workers and no interaction with the general public (*id*. at 310).

The ALJ also gave little weight to Dr. Wheeler's 2017 opinion, finding that her opinion that Plaintiff's limitations were largely unchanged since 2016 was inconsistent with the "overwhelming evidence of [Plaintiff's] excellent response to treatment[.]" AR at 314. The ALJ noted that treatment notes from the same time period as Dr. Wheeler's examination indicated that Plaintiff denied mood disturbance, depression, nightmares, or hallucinations. *Id*. The ALJ also noted that Dr. Wheeler's opinion suggests that Plaintiff was independent in his activities of daily living and had a normal mental status examination; that he exercised "good judgment" in avoiding people "for his own good," but could still "go to town when he needed to"; and that he had adequate cognitive skills and no sleep complaints. *Id*.

Plaintiff argues that the ALJ erred in finding that Dr. Wheeler's normal or largely normal mental status examinations undermined her conclusions, because the mental status examinations were not actually normal. (Dkt. # 12 at 10.) Plaintiff points to findings related to his concentration deficits and his impulsivity (*id*.), but does not explain why the ALJ's RFC assessment does not account for those limitations, as the ALJ explicitly stated. AR at 314 ("The above [RFC] includes adequate limitations for these issues (concentration and impulsivity).").

The ALJ's restrictions to simple work and simple judgments, with restricted social interaction, reasonably address the findings mentioned by Plaintiff, and he has not shown or even argued that the ALJ's RFC is inadequate.

Plaintiff also challenges the ALJ's finding that the treatment record was inconsistent with Dr. Wheeler's conclusions, contending that the records do not show sustained improvement, as suggested by the ALJ and the Commissioner. (Dkt. # 14 at 2-3.) As discussed *supra*, however, the Court's reading of the treatment records is consistent with the ALJ's interpretation. Although Plaintiff's symptoms did flare at times, when certain factors were present (such as situational stressors, lack of medication, quitting smoking), the longitudinal record indicated that Plaintiff's symptoms overall improved with treatment. The ALJ did not err in finding Dr. Wheeler's opinions to be inconsistent with the treatment notes, or in discounting the opinions on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

3.   *Dr. Chalstrom's Opinion*

Dr. Chalstrom examined Plaintiff in March 2015, which predates Plaintiff's amended alleged onset date by a year. AR at 865-69. The ALJ discounted Dr. Chalstrom's opinion as outside the adjudicated period, rendered during the time before Plaintiff started receiving significant health treatment. *Id*. at 315. The ALJ also noted that Dr. Chalstrom diagnosed a learning disorder based on reported illiteracy, but performed no testing to confirm this condition. *Id*.

Plaintiff argues that the ALJ erred in discounting Dr. Chalstrom's opinion as predating the adjudicated period, because it post-dated his alleged onset date. (Dkt. # 12 at 14-15.) Plaintiff overlooks that he amended his alleged onset date at the administrative hearing, to March 25,

2016. AR at 501-02. Thus, the ALJ did not err in discounting Dr. Chalstrom's opinion as predating the alleged onset date. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Furthermore, the ALJ discounted Dr. Chalstrom's opinion as rendered before Plaintiff's mental health treatment began, and Plaintiff provides no challenge to this line of reasoning in his opening brief. (Dkt. # 12 at 14-15.) To the extent that he does challenge this reasoning for the first time in his reply brief, Plaintiff argues that even after he began treatment he was still unable to work, as indicated in Dr. Wheeler's subsequent opinions. (Dkt. # 14 at 5-6.) Nonetheless, the ALJ was entitled to discount Dr. Chalstrom's opinion based on Plaintiff's lack of treatment at the time of the examination. *See, e.g.*, *Blacksher v. Berryhill*, 762 Fed. Appx. 372, 374 (9th Cir. Feb. 26, 2019) (holding that the ALJ properly discounted a treating psychologist's opinion due to the claimant's "gaps in treatment"); *Evans v. Berryhill*, 759 Fed. Appx. 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition").

Plaintiff points to certain limitations mentioned in Dr. Chalstrom's opinion report, and contends that the ALJ erred in failing to include those limitations in the RFC assessment. (Dkt. # 12 at 15.) But the ALJ discounted Dr. Chalstrom's opinion for the specific, legitimate reasons mentioned in the previous paragraph, *supra*, and thus did not err in failing to account for the limitations Dr. Chalstrom indicated in the discounted opinion.

### D. The ALJ Did Not Err at Step Five

At step five, the Commissioner bears the burden to show that a claimant is not disabled because he or she can perform other work that exists in significant numbers in the national

economy. 20 C.F.R. § 416.960(c)(2). In this case, the ALJ described a hypothetical individual with the restrictions listed in the RFC assessment, and the VE testified that such a person could perform the representative occupations of price marker, products assembler, and electronics worker. AR at 542-48.

Plaintiff argues that there is a conflict between the VE's testimony that he could perform those jobs and the definition of those jobs in the Dictionary of Occupational Titles ("DOT"). The DOT raises a rebuttable presumption as to job classification. *See Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995). Under Social Security Ruling 00-4p, an ALJ has an affirmative responsibility to inquire as to whether a VE's testimony is consistent with the DOT and, if there is a conflict, determine whether the VE's explanation for such a conflict is reasonable. *Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007).

According to Plaintiff, the VE's testimony conflicts with the DOT because each of these jobs are defined to require "level-two" reasoning abilities, and yet the ALJ restricted Plaintiff to following "short, simple instructions[.]" "Level-two" reasoning is defined to require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, App. C. The Ninth Circuit has found a conflict between a restriction to "simple, routine, or repetitive work" and level-*three* reasoning, but none of the jobs here involve level-three reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 846-48 (9th Cir. 2015). The Ninth Circuit has also found that a limitation to performing only one-to-two-step tasks is incompatible with level-two reasoning, but the RFC in this case contains no such limitation. *See Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1003-04 (9th Cir. 2015).

Plaintiff cites no authority indicating that an RFC restriction to "short, simple instructions" is incompatible with level-two reasoning, but argues that, logically, the additional limitation to "short" instructions suggests that Plaintiff is more limited that someone who can perform "simple instructions," and thus because he is more limited than someone who can perform simple instructions (which has been found compatible with level-two reasoning), he should be considered restricted to level-one reasoning. (Dkt. # 14 at 1-2.) The Court does not find this reasoning persuasive, because a restriction to "short" instructions is not necessarily incompatible with the DOT's reference to "uninvolved" instructions in level-two reasoning. Plaintiff suggests that "short" instructions are fewer in number and less complex (dkt. # 14 at 1); the Court does not agree that short instructions are necessarily fewer in number, but even assuming they are less complex, level-two reasoning contemplates "uninvolved" instructions, and it is not clear how "uninvolved" instructions would be necessarily incompatible with "short, simple" instructions.

Furthermore, the Ninth Circuit and district courts in the circuit have rejected Plaintiff's argument in unpublished decisions, which persuades the Court that Plaintiff's argument is not as logical as he suggests. *See Ranstrom v. Colvin*, 622 Fed. Appx. 687, 688-89 (9th Cir. Nov. 16, 2015) ("There is no appreciable difference between the ability to make simple decision based on 'short, simple instructions' and the ability to use commonsense understanding to carry out 'detailed *but uninvolved* . . . instructions,' which is what Reasoning Level 2 requires." (emphasis in original)); *Vicki M. v. Saul*, 2019 WL 5784592, at *6 (W.D. Wash. Nov. 6, 2019) (finding "no conflict between the RFC limitation to short and simple instructions" and the ability to carry out jobs requiring level-two reasoning); *Cortez v. Comm'r of Social Sec. Admin.*, 2018 WL 1173424, at *4 (D. Or. Mar. 3, 2018) ("[A] plaintiff who is limited to 'short, simple instructions' is capable

of performing a job requiring Level 2 reasoning." (quoting *Patton v. Astrue*, 2013 WL 705909, at *1 (D. Or. Feb. 25, 2013))); *George v. Berryhill*, 2017 WL 1709599, at *6 (C.D. Cal. Apr. 30, 2017) (holding that a doctor's finding that a claimant could follow "very short and simple instructions" suggested that the claimant was not limited to performing only one-to-two-step tasks). Accordingly, the Court finds no conflict between the ALJ's RFC assessment and the VE's testimony that Plaintiff could perform jobs requiring level-two reasoning.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 3rd day of February, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge